J-S72004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL HINKEL, | |
| Appellant | No. 1744 WDA 2013 |

Appeal from the PCRA Order Entered September 26, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010187-2005

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 2, 2014**

Appellant, Michael Hinkel, appeals from the September 26, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On March 26, 2007, Appellant entered a negotiated guilty plea to one count of criminal homicide. Pursuant to that plea agreement, he was sentenced the same day to a term of twenty to forty years' incarceration.

No direct appeal was taken from the judgment of sentence. On February 13, 2008, Appellant filed a *pro se* PCRA petition. Appellant was appointed counsel. An amended PCRA petition was filed on July 1, 2008. A hearing was scheduled; however, on October 1, 2008, Appellant, through

_____

[*] Retired Senior Judge assigned to the Superior Court.

counsel, filed a motion to withdraw the PCRA petition. The motion was granted, and Appellant's PCRA petition withdrawn, on October 6, 2008.

Appellant filed the instant *pro se* PCRA petition on September 11, 2012. Counsel was appointed and subsequently filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 479 A.2d 568 (Pa. Super. 1984). The court granted counsel's motion to withdraw on February 26, 2013. On June 11, 2013, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss. The court dismissed Appellant's petition on September 26, 2013. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

We note that Appellant includes a statement of questions involved in his *pro se* brief. However, these questions are extremely lengthy, encompassing several pages. Therefore, we decline to include them in their entirety in this memorandum because, as we will explain *infra*, this Court lacks jurisdiction to address Appellant's claims.

Before we may address Appellant's claims, we must assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002)

(holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b) applies.  That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant was sentenced on March 26, 2007, and did not file a direct appeal from that sentence.  Thus, Appellant's judgment of sentence

became final 30 days after his sentencing, or on April 25, 2007. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (providing 30 days for the filing of a notice of appeal after entry of the order from which the appeal is taken). Consequently, Appellant had until April 25, 2008, to file a timely PCRA petition. He did not file the instant petition until September 11, 2012. Therefore, Appellant was required to plead and prove in his PCRA petition that one of the above-stated exceptions applied to his claim(s).

Initially, we note that "[i]n PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009).

Appellant now alleges, *inter alia*, that the PCRA court erred in dismissing his petition as untimely as he was mentally incompetent when he filed, and withdrew, his initial timely PCRA petition. The Pennsylvania Supreme Court has held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." ***Commonwealth v. Cruz***, 852 A.2d 287, 287 (Pa. 2004) (emphasis in original). In the instant petition, however, Appellant did not plead this exception to the PCRA time bar. Rather, he alleged that his

- 4 -

petition was timely filed pursuant to the exception outlined in section 9545(b)(1)(iii), as it was filed within 60 days of the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012).[1]

It is well-established that "[i]ssues not raised in the lower court are waived and cannot be addressed on appeal." Pa.R.A.P. 302(a). **See also Commonwealth v. Washington**, 927 A.2d 506, 601 (Pa. 2007) (recognizing that claims raised on appeal of collateral review are waived unless properly preserved). Thus, we may not address this exception to the time bar, which Appellant now attempts to raise for the first time on appeal.

Briefly, we note that Appellant attempts to characterize this PCRA petition as an amendment to his first, timely filed PCRA petition of February 13, 2008. Appellant filed a motion to withdraw that PCRA petition on October 1, 2008, and the court granted that motion on October 6, 2008.[2] Appellant relies on the holding of the Pennsylvania Supreme Court in

---

[1] The **Miller** Court held that the imposition of mandatory life sentences without the possibility of parole for those under the age of 18 at the time of their crime constitutes a violation of the Eighth Amendment. Appellant was not a juvenile at the time his crime was committed, nor was he subject to a mandatory life sentence. Consequently, he did not prove the applicability of this exception to the PCRA time bar.

[2] In his brief, Appellant maintains that his PCRA petition was withdrawn due to mental health issues that would have prevented him from participating in the PCRA hearing scheduled by the court. We note that there is nothing in the record indicating Appellant sought to postpone his PCRA proceedings. Moreover, neither Appellant's motion to withdraw, nor the PCRA court's order granting that motion, indicate that the Appellant moved to discontinue his PCRA proceedings for that reason.

***Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004), in which the Court recognized that "PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition." However, as noted *supra*, Appellant's initial PCRA petition was not pending at the time he filed the instant petition, as that petition had been withdrawn at his request in 2008. Consequently, there was no existing petition to amend, and we would conclude the court did not err in treating the instant petition as an untimely serial PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014